# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |  | |
|---|---|---|---|
| JEROME COFFEY, | ) | | |
| Plaintiff, | ) | Civil Action No. 12-163 Erie | |
| | ) | | |
| v. | ) | District Judge Cohill | |
| | ) | | |
| RAYMOND BURKHART, et al, | ) | Magistrate Judge Baxter | |
| Defendants. | ) | | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that Plaintiff's "Motion/s to Reserve the Record" [ECF Nos. 26, 27] be liberally construed as motions for preliminary injunctions and that the motions be denied.

**II. REPORT**

**A. Relevant Procedural History**

Plaintiff, a state inmate acting *pro se*, originally filed this civil rights action on July 20, 2012. In his complaint, Plaintiff asserts several retaliation claims arising from events that occurred while he was housed at SCI Forest in 2011 and 2012.

Recently, Plaintiff has filed two self-captioned "motions to reserve the record." This Court liberally construes[1] Plaintiff's most recent filings as requests for injunctive relief.[2]

---

[1] *Pro se* pleadings, however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it

1

In the first of the two pending motions, Plaintiff complains that he was released into General Population on July 8th. Plaintiff asserts that he has "impulsive control disorder" and should be single-celled. Plaintiff claims that the placement in General Population is a "set-up by SCI Houtzdale penological experts to assault an inmate (i.e., cellmate)." ECF No. 26.

In Plaintiff's second motion, Plaintiff expands upon his assertions from the first motion explaining that "penological experts [are] placing Plaintiff in a hostile environment with a cellmate after Plaintiff [was] held in prolong[ed] isolation." Additionally, Plaintiff complains that General Population only receives one hour of law library time, while RHU inmates receive two hours. ECF No. 27.

Although Plaintiff's two motions are titled as "motions to reserve the record," this Court believes Plaintiff is requesting that this Court order that he be single-celled and that he receive additional time in the law library (in other words, preliminary injunctive relief).

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189

---

should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

[2] The third of Plaintiff's filings was construed as a request for extension of time in which to file a brief in opposition to the pending motion for summary judgment and the request was previously granted. See Text Order, dated July 10, 2013.

(3d Cir. 1990). The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986).

In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010).

As a court sitting in equity, the district court must weigh the four factors, but it is not incumbent on the movant to prevail on all four factors, only on the overall need for an injunction. Neo Gen Screening, Inc. v. TeleChem Intern., Inc., 69 Fed.Appx. 550, 554 (3d Cir. 2003). A sufficiently strong showing on either the likelihood of success or irreparable harm may justify an injunction, even if a movant's showing on the other two factors is lacking. Id. Because a preliminary injunction is an extraordinary remedy, the party seeking it must show, at a minimum, a likelihood of success on the merits and that they likely face irreparable harm in the absence of the injunction. See Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000). The burden of introducing evidence to support a preliminary injunction is on the moving party with respect to the first two factors; however, the same is not true of the second two factors. Neo Gen Screening, 69 Fed.Appx at 554.

Neither of Plaintiff's requests for injunctive relief are related to the alleged constitutional violations of the underlying complaint in this civil rights action and so Plaintiff cannot demonstrate that there is any likelihood of success on the merits. See Little v. Jones, 607 F.3d

1245, 1251 (10th Cir. 2010) (for preliminary injunctive relief to be granted, there must be "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). Furthermore, this Court is loath to interfere with the daily management decisions of prison administrators regarding housing status and cellmate assignments as the federal courts are not over-seers of the day-to-day operations of prisons. See Beard v. Banks, 548 U.S. 521 (2006) (prison officials should be afforded deference in the execution of policies that are needed to maintain institutional security); Wolfe v. McDonnell, 418 U.S. 539, 566 (1974) (prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking.").[3]

As to Plaintiff's request for additional law library time, while prisoners have a constitutional right of access to the courts, Plaintiff has not shown that his access is being denied in any way. The right of access to the courts requires that a correctional institution provide some means "for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" Lewis v. Casey, 518 U.S. 343, 351 (1996). In order to prove a violation of the right of access to the courts, an inmate must show an "actual injury" by "demonstrat[ing] that the alleged shortcomings" in prison resources or assistance "hindered his efforts to pursue a legal claim." Id. at 351. Plaintiff has not shown that he has been hindered in his efforts to pursue his legal claims in this litigation. Plaintiff has previously been granted additional time in which to respond to the pending motion for summary judgment making his opposition due on September 15, 2013.

---

[3] See also Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (in the prisoner context, a request for injunctive relief "must always be viewed with great caution because judicial restraint is especially called for in dealing with complex and intractable problems of prison administration.").

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's "Motion/s to Reserve the Record" [ECF Nos. 26, 27] be liberally construed as motions for preliminary injunctions and that the motions be denied. Plaintiff's brief in opposition to the pending motion for summary judgment is due on September 15, 2013.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July 26, 2013

5