IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME COFFEE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 12-163 Erie |
| RAYMOND BURKHART et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On July 26, 2013, Magistrate Judge Baxter issued a Report and Recommendation ("R&R") in which she recommended that the Plaintiff's "Motion/s to Reserve the Record" [ECF ##26 and 27] be construed as requests for injunctive relief and that said requests for injunctive relief be denied [ECF #29].

In response, on August 14, 2013, Plaintiff filed "Objections to the Report and Recommendation [ECF #29]. In his Objections, Plaintiff first stated that "Plaintiff want to make crystal clear to the court he have no intentions to file a preliminary injunction as well as injunction relief despite the court modify motion(s) to reserve the record as such." Objections, ¶ 1. Plaintiff then explained "Plaintiff['s] only intentions are to reserve the record and establish a pattern of overted abuse by pen[a]logical experts (i.e. correctional officials). For example, correctional officials manipulating these sophisticated regulations (i.e. operational manuals) under false pretension to set plaintiff up for failure." Id. at ¶ 2. He concluded by stating:"[f]or the foregoing reasons, Plaintiff requests that the Court grant his motion to reserve the record and not modify it to a preliminary injunction as well as injunction relief." Id. at ¶ 18.

Fed.R.Civ.P. 72(b)(3) provides: "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.

Having reviewed *de novo* the pleadings and documents in the case, together with the Report and Recommendation from Magistrate Judge Baxter and Plaintiff's Objections, we will reject the magistrate judge's recommendation that we treat Plaintiff's Motions to Reserve the Record as requests for injunctive relief and deny said requests. Instead, we will treat Plaintiff's Motions to Reserve the Record as requests to permit Plaintiff to file materials with the Court that support his claim of "a pattern of overted abuse by pen[a]logical experts (i.e. correctional officials)."

To the extent that Plaintiff is seeking to use the Court as a general repository for the paperwork which he opines supports his claim of "a pattern of overted abuse by pen[a]logical experts (i.e. correctional officials)," we do not serve as a general repository for a party's written materials. See, *for example*, L.Cv.R. 5.4(A) and (B), which provide: "Discovery requests and responses referenced in Fed.R.Civ.P. 5(d) shall not be filed with the office of the Clerk of Court except by order of Court," and "[a] party making or responding to a motion or seeking relief under the Federal Rules of Civil Procedure shall file only that portion of discovery requests and responses as needed to decide the motion or determine whether relief should be granted." Accordingly, Plaintiff's Motions to Reserve the Record [ECF ##26 and 27] must be denied.

It is possible, as clarified by the above-cited statements in his Objections, that Plaintiff is seeking to amend his Complaint against the defendants. The Court will not, however, speculate. At this juncture in the proceedings, if Plaintiff wants to amend his Complaint, he needs to seek

2

the defendants' written consent or file a motion to amend his complaint that more clearly states that he wants to amend his complaint. See Fed.R.Civ.P. 15(a)(2) ("a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.").

Accordingly, after de novo review of the pleadings and documents in the case, together with the Report and Recommendation from Magistrate Judge Baxter and Plaintiff's objections to the Report and Recommendation, the following Order is entered:

AND NOW, this 19th day of August, 2013, it is HEREBY ORDERED, ADJUDGED AND DECREED that the Report and Recommendations of Magistrate Judge Baxter [ECF #28], dated July 26, 2013, is rejected.

It is further hereby ORDERED, ADJUDGED, AND DECREED that, for the reasons set forth in this Memorandum Opinion and Order, Plaintiff's "Motion to Reserve the Record" [ECF #26] and "Motion to Reserve the Record" [ECF #27] are DENIED.

Maurice B. Cohill, Jr.
Senior District Court Judge

3