## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME COFFEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 12-163 Erie |
| | ) | |
| RAYMOND BURKHART et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

On July 31, 2012, the Clerk of Courts for the United States District Court for the Western

District of Pennsylvania filed Plaintiff Jerome Coffee's *pro se* Complaint [ECF#4] against

Defendants Raymond Burkhart, Andre Repko, Thomas Riskus, Eric Tice, Paul A. Ennis, W.D.

Cole and Anne Plaska wherein he alleged that the Defendants violated his rights under 42 U.S.C.

§§ 1983 and 1985, and his rights under the First Amendment to the United States Constitution by

subjecting him to cell searches, a false misconduct and the denial of privileges in retaliation for

his filing grievances against Defendants and other official at SCI Forest about prison conditions

and mistreating inmates.

On May 10, 2013, Defendants filed a Motion for Summary Judgment [ECF #15],

contending that "[b]ased upon the law and undisputed facts of record, plaintiff's claims fail as a

matter of law and should be dismissed." Motion, ¶ 2.

On February 13, 2014, Magistrate Judge Baxter issued a Report and Recommendation

("R&R") [ECF #38] in which she recommended that the Defendants' Motion for Summary

Judgment be granted in part and denied in part as follows: (1) summary judgment should be

granted in favor of Defendants on Plaintiff's retaliation claims based upon illegal cell searches

due to Plaintiff's failure to exhaust his administrative remedies; (2) summary judgment should be denied on Plaintiff's retaliation claim based upon the false misconduct; and (3) summary judgment should be denied on Plaintiff's retaliation claim based upon the denial or non-reinstatement of privileges. The parties were given until March 3, 2014 to file objections to the Magistrate Judge's R&R.  Defendants did not file any objections and on March 3, 2014, Plaintiff filed a motion requesting additional time to file his objections. We granted Plaintiff's motion and ordered that he would have until March 31, 2014 to file his objections. Thereafter, Plaintiff filed his Objections to the R&R ("Plaintiff's Objections") on March 25, 2014.

**I. Court's Analysis of Plaintiff's Objections.**

Rule 72(b)(3) of the Federal Rules of Civil Procedure provides: "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Id.

In his Objections, Mr. Coffee contends that he "never assaulted Deputy Overmyer in fact Deputy Overmyer assaulted Plaintiff 3/16/11 [ECF], page 5 and defendants covered-up by way of manipulating these operational manuals and tried to intimidate Plaintiff in Restricted Housing Unit." Plaintiff's Objections, ¶ 7. Mr. Coffee also discusses a number of the exhibits contained in the record which he argues show that the Defendants have contradicted themselves and been inconsistent. Id. at ¶¶ 8, 10 and 11.  He also contends "that defendants did in fact exonerate Plaintiff from falsified misconduct [ECF 18-2], page 14.  In addition, the court couldn't understand the signature of "OTHER REPORT" [ECF18-2], page 16 but it's[sic] defendant Wayne Cole." Id. at ¶ 9.  He concludes his Objections by requesting that this Court grant a jury trial to prove the facts of retaliation. Id. at ¶ 12.

Certainly the only part of Magistrate Judge Baxter's R&R to which Plaintiff would object is that part of the R&R wherein she recommends that summary judgment be granted with respect to Plaintiff's claims to the extent they are based on his allegation that his cell was twice searched in retaliation for his filing grievances; otherwise, the R&R was a "win" for Plaintiff. Having reviewed *de novo* Plaintiff 's claim that Defendants twice searched his cell in retaliation for his filing grievances in light of Plaintiff's Objections and the documents he cites to in his Objections, we find Magistrate Judge Baxter correctly concluded that Plaintiff had failed to exhaust his administrative remedies with respect to this part of Plaintiff's retaliation claim. Even viewing the evidence in a light most favorable to Plaintiff as the non–moving party, the evidence of record shows that while Plaintiff filed grievances about his cell being searched on December 26, 2011 and on January 30, 2012, nowhere in these grievances, or elsewhere, did Plaintiff contend that the reason for the cell searches was because Defendants were retaliating against him for filing grievances. As such, Plaintiff failed to exhaust his administrative remedies with respect to this part of his retaliation claim and summary judgment must be granted in favor of Defendants and against Plaintiff on this part of his Complaint.

**II. Conclusion.**

Accordingly, after <u>de novo</u> review of the pleadings and documents in the case, together with the February 13, 2014 Report and Recommendation from Magistrate Judge Baxter, and Plaintiff's Objections to Report and Recommendation, we accept Magistrate Judge Baxter's R&R, filed on February 13, 2014, in its totality, and adopt the R&R as the Opinion of this Court.

The following Order is entered:

AND NOW, this 28th day of March, 2014, it is HEREBY ORDERED, ADJUDGED

AND DECREED that the Report and Recommendations of Magistrate Judge Baxter [ECF #38],

dated February 13, 2014, is adopted as the Opinion of the Court.

It is further HEREBY ORDERED, ADJUDGED AND DECREED that the Defendants'

Motion for Summary Judgment [ECF #15] is GRANTED IN PART AND DENIED IN PART as

follows: (1) summary judgment is GRANTED in favor of Defendants and against Plaintiff on

Plaintiff's retaliation claim to the extent that said claim is based upon illegal cell searches; and (2)

summary judgment is DENIED as to Plaintiff's retaliation claim to the extent said claim is based

upon the false misconduct charge and the denial or non-reinstatement of privileges.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that a case management

conference shall be held on April 22, 2014 at 2:00 P.M. in the chambers of the Honorable Maurice B.

Cohill, Jr., U.S. Courthouse, Suite 8170, 700 Grant Street, Pittsburgh, Pennsylvania, 15219. All

parties shall be prepared to discuss settlement and counsel for Defendants is directed to make

arrangements for Plaintiff to participate by conference call.

Maurice B. Cohill, Jr.
Senior District Court Judge

cc: JEROME COFFEE
AS-1558
SCI HOUTZDALE
P.O. BOX 1000
HOUTZDALE, PA 16698

4