# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME COFFEE, | ) | |
| | ) | Civil Action No. 12 – 163E |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RAYMOND BURKHART et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Jerome Coffey's Motion of Contempt of Court [ECF #52]. In his Motion, Plaintiff requests that this Court fine the Defendants for misleading the Court because, contrary to the terms of the parties' agreement to settle a civil action Plaintiff filed against the Defendants, he has never received a psychological examination.

In response, the Defendants argue that "the psychology professionals [at SCI-Houtzdale] have made several attempts to assess Mr. Coffey and found that he was not in need of counseling or mental health treatment. In fact, he has refused to be seen." Defendants' Response to Motion For Contempt, p. 4. In support thereof, Defendants have attached Declarations of John Walmer, Licensed Psychology Manager for the Department of Corrections at SCI-Houtzdale and Janet Pearson, the Corrections Health Care Administrator for the Department of Corrections at SCI-Houtzdale as well as Grievances ##509796 and 511687 and paperwork related thereto.

A copy of the parties' Settlement Agreement is attached to this Memorandum Order as Exhibit A. Paragraph 1 of the Settlement Agreement, which is signed by Plaintiff and counsel for the Defendants, states: "Mary L. Friedline, Sr. Deputy Attorney General, shall recommend to the Department of Corrections (and will pass on Judge Cohill's joinder in the recommendation)

1

that Jerome Coffee, AS-1558, be promptly evaluated by the psychology department in light of the desire for psychological counseling which he expressed during the May 1, 2014 status conference in this case."

Having considered the submissions of the parties, the Court finds ample evidence to support the Defendants' contention that the Plaintiff has received the psychological evaluation discussed in paragraph 1 of the Settlement Agreement. Specifically, we find that Plaintiff's meetings with Psychologist John Walmer on May 6, 2014 when Psychologist Walmer went to Plaintiff's cell to ensure that Plaintiff was not in urgent need of mental health treatment or in other danger and on May 13, 2014 in the Psychology office area combined with Psychologist Walmer's scheduling of a follow-up appointment with Plaintiff on May 29, 2014, an appointment Plaintiff did not attend, satisfied the terms of the parties' agreement that Plaintiff was to receive a psychological evaluation.

Plaintiff has also submitted documentation concerning the mental status of another inmate. We will direct this documentation be placed under seal to preserve the privacy of the other inmate and refuse to consider it as relevant to this proceeding.

Accordingly, this 24th day of September, 2015, it is hereby ORDERED, ADJUDGED, AND DECREED that the Plaintiff's Motion of Contempt of Court is DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Court Judge

cc:
Jerome Coffey-AS-1558
SCI Houtzdale
P.O. Box 1000
Houtzdale, PA 16698